UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EVONY CAPPS,

        Petitioner,

    -v-　　　　　　　　　　　　　　　　10-CV-0784S
　　　　　　　　　　　　　　　　　　　　**ORDER**
SABRINA KAPLAN,

        Respondent.

On October 21, 2011, the Court granted petitioner's request for a stay-and-abeyance and (1) dismissed without prejudice petitioner's unexhausted claim of ineffective assistance of trial counsel that had been raised in the instant petition for habeas corpus relief, and (2) stayed the remaining claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005) and Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert. denied sub nom.*, 536 U.S. 925 (2001), so that petitioner could exhaust her state court remedies with respect to the unexhausted claim. (Docket No. 5). Petitioner was advised that a condition of the stay was that she had to return to this Court within 30 days of completion of her efforts to exhaust--*i.e.*, resolution of a New York Criminal Procedure Law, Section 440.10 Motion ("440.10 Motion") she had claimed to had filed and completion of any available state appellate avenues--by filing a motion to vacate the stay. Petitioner was also advised that if she did not comply with this condition, the Court may later vacate the stay *nunc pro tunc* as of the date the stay was entered. Plaintiff

has never moved to vacate the stay nor advised the Court of the status of the 440.10 Motion.

On February 8, 2013, the Court directed plaintiff to advise the Court of the status of the 440.10 Motion, including, *inter alia*, whether the Motion had been decided and when, and, if the motion had been decided and denied, whether she sought leave to appeal to the New York State Supreme Court Appellate Division and the status of said request. Plaintiff was advised that if she did not respond to the Order by March 9, 2013, and advise the Court of the status of her 440.10 Motion, the unexhausted claim of ineffective assistance of trial counsel would not be reinstated and would remain dismissed without prejudice and the stay would be vacated *nunc pro tunc*. Petitioner was also advised that if the stay was vacated *nunc pro tunc* and the ineffective assistance of counsel claim not reinstated, she may later be barred from raising said claim in the instant petition because it may be untimely, *see* 28 U.S.C. § 2244(d)(1)-(2), or in a later filed petition because of the gate-keeping mechanism (second or successive petition rule) of 28 U.S.C. § 2244(b).

Plaintiff has failed to respond to the Order in any way and accordingly,

IT IS HEREBY ORDERED that the stay-and-abeyance entered on February 8, 2013 is vacated *nunc pro tunc* and the ineffective

assistance of trial counsel claim raised in the petition remains dismissed without prejudice;

FURTHER, that respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **May 15, 2013**. The answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

FURTHER, that respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority;

FURTHER, that within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in County Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative;

FURTHER, that if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-

conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case;

FURTHER, that petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law;

FURTHER, that within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

FURTHER, that the Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon respondent Superintendent of the Bedford Hills Correctional Facility and upon Office of the Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332. To advise appropriate Erie County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Erie County.

PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.

SO ORDERED.

S/ Michael A Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: April 2, 2013
Rochester, New York