UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EVONY CAPPS,

        Petitioner,

    -v-

SABRINA KAPLAN,

        Respondent.

10-CV-0784S
ORDER

FILED MAY 1 5 2013

On October 21, 2011, the Court granted petitioner's request for a stay-and-abeyance, see *Rhines v. Weber*, 544 U.S. 269 (2005), so that she could exhaust her state judicial remedies with respect to an unexhausted claim of ineffective assistance of trial counsel that had been raised in the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Docket No. 5, Decision and Order.) The Order staying the petition had dismissed the unexhausted claim of ineffective assistance of counsel without prejudice to reinstatement upon petitioner's compliance with the condition that she return to this Court within 30 days of the completion of her efforts to exhaust said claim. When requesting the stay, petitioner had advised the Court that she had filed a state court motion to vacate her conviction, pursuant to New York Criminal Procedure Law, § 440.10 ("§ 440.10 Motion"). (Docket No. 4, Reply/Response, Exh.: 440.10 Motion, dated November 12, 2010.)

On February 8, 2013, the Court, after not hearing from petitioner since entry of the Order staying the petition, directed petitioner to advise the Court, in writing, by March 9, 2013, of the status of her § 440.10 Motion and advised her that if she did not respond the stay would be vacated *nunc pro tunc* and the ineffective assistance of appellate counsel claim would remain dismissed and that she may be later barred from bring that claim again in this petition or a later filed petition for a writ of habeas corpus.

(Docket No. 6.) Petitioner did not respond to the Order as directed and on April 2, 2013, the Court entered an Order vacating the stay *nunc pro tunc*, and noted that the ineffective assistance of counsel claim was dismissed without prejudice and directed that respondent file an answer and memorandum of law in opposition to the petition. (Docket No. 7.)

On April 29, 2013, petitioner submitted a response/reply noting that she received a "motion," filed April 2, 2013, presumably this Court's Order vacating the stay, "dismissing [her] motion[1] without prejudice due to the fact that [she] did not complete her efforts to exhaust--*i.e.*, resolution of [440.10 Motion]." (Docket No. 8.) Petitioner notes that she did in fact file a § 440.10 Motion, which the Court noted earlier she had done prior to seeking a stay-and-abeyance--and that she has yet to hear from the state court on her § 440.10 Motion. She attaches a letter, dated February 17, 2013, she submitted to the Principal Court Attorney, Supreme Court, Erie County, asking about the status of her 440.10 Motion, which she claims to have filed on July 6, 2012,[2] and the District Attorney's Office had responded to on September 7, 2012. She does not indicate whether she received a response to the letter.

---

[1]Petitioner is apparently confused as to what the Court's April 2, 2012 Order did. The Order did not dismiss or deny the petition for a writ of habeas corpus. It only vacated the stay-and-abeyance and noted that the ineffective assistance of counsel claim that had been dismissed without prejudice as unexhausted at the time the stay-and-abeyance was entered remained dismissed because petitioner had not complied with the condition of the stay nor the later Order directing her to inform the Court of the status of the § 440.10 Motion.

The April 2, 2012, Order did not deny any state court motion. The petition for a writ of habeas corpus is still pending in this Court. It has not been dismissed; only the ineffective assistance of counsel claim has been dismissed. Petitioner thus has no right to appeal from the April 2, 2012 Order, which she believes she must do within 30 days. *See* 28 U.S.C. § 1291 ("Final Order Rule"); Rule 4 of the Federal Rules of Appellate Procedure.

[2]The Court notes that at the time petitioner had requested a stay-and-abeyance--November 17, 2010 (Docket No. 4), she had attached a copy of a 440.10 Motion, which was dated November 12, 2010. This is the 440.10 Motion that was the basis for the granting of the stay-and-abeyance. Petitioner's most recent submission is the first time the Court has been made aware of a potential new or second 440.10 Motion, which she claims to have filed on July 6, 2012. Respondent's just filed Answer notes that a § 440.10 Motion was filed on or about July 10, 2012 and that the People filed its opposition on September 7, 2012. There is no mention of a decision on the Motion. (Docket No. 9, Answer, ¶ 3, Exh. D.)

2

In light of (1) petitioner's pro se status, (2) petitioner's response to the Court's order, albeit untimely, directing her to advise the Court of the status of her § 440.10 Motion filed back in November 2010, (3) the fact that the Court still does not know from petitioner whether that § 440.10 Motion has been decided and, if decided and denied, whether petitioner had requested a certificate granting leave to appeal to the Appellate Division, and (4) the fact that petitioner filed what appears to be a "second" 440.10 Motion, the Court's lifting of the stay-and-abeyance may have been premature. However, without additional information from petitioner and respondent, the Court does not know the status of the 440.10 Motion filed back in November 2010 nor the status of the one filed in July 2012 (second one) and whether petitioner has now exhausted the ineffective assistance of counsel claim, which was the basis of the stay-and-abeyance. Accordingly,

IT IS HEREBY ORDERED that petitioner advise the Court, in writing, no later than **June 20, 2013**, of the status of the 440.10 Motion filed by petitioner back in November 2010, including information concerning whether the Motion was denied and, if so, whether she sought a certificate granting leave to appeal and whether a certificate was granted. The Court also directs petitioner to advise the Court of the status of the second 440.10 Motion that she filed in July 2012, including the ground(s) raised in that Motion;

FURTHER, that respondent shall file a reply to petitioner's response to this Order within 30 days of receipt of petitioner's response herein, which shall include any information regarding the filing of a § 440.10 Motion in November 2010, see n. 2, *supra*, and the status of the § 440.10 Motion filed in July 2012.

SO ORDERED.

DATED: 5/15, 2013
Buffalo, New York

JOHN T. CURTIN
United States District Judge

3