UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

EVONY CAPPS,

                    Petitioner,

          -v-                                    10-CV-0784S
                                                 **ORDER**
SABRINA KAPLAN,

                    Respondent.

        The Court, in order to obtain clarification regarding whether
petitioner had attempted to exhaust her state court judicial
remedies in relation to a claim of ineffective assistance of counsel
and whether the Court prematurely vacated a stay-and-abeyance that
had been entered in this matter so that petitioner could exhaust
said remedies,[1] directed petitioner to address the status of a N.Y.
Crim.Proc.L. § 440.10 motion ("§ 440.10") she claimed to have filed
in November 2010. (Docket No. 11, Order). The Court also directed
respondent to file a reply to petitioner's response. Both parties
have complied with said order. (Docket Nos. 12, 13).

        When requesting a stay-and-abeyance initially, petitioner had
indicated that she had filed such a 440.10 motion on or about
November 12, 2010. (Id. at 1; Docket No. 4, Reply/Response, Exh.:
440.10 Motion, dated November 12, 2010). In fact, she provided a
copy of a § 440.10 motion, dated November 12, 2010, and a supporting

---

[1]      Familiarity with the procedural background of this petition for a writ
of habeas corpus, pursuant to 28 U.S.C. § 2254, is presumed.

affidavit.   (Docket No. 4, Exh.).   The Court entered a stay-and-abeyance, which dismissed the unexhausted ineffective assistance of counsel claim raised in the petition without prejudice to reinstatement upon petitioner's compliance with the condition that she return to this Court within 30 days of the completion of her efforts to exhaust said claim (*i.e.*, the full adjudication of her § 440.10 motion in the state courts).   (Docket No. 5, Decision and Order ("Stay Order")).

After a significant length of time had passed since entry of the Stay Order, the Court directed petitioner to inform the Court of the status of the § 440.10 motion and advised that if she did not respond the stay-and-abeyance would be vacated *nunc pro tunc*, and the ineffective assistance of counsel claim would remain dismissed and she may be barred later from bringing that claim in the instant petition or a later filed petition.   (Docket No. 6, Decision and Order).   Petitioner did not respond to said Order and the Court vacated the stay-and-abeyance, and directed respondent to file and serve an answer and memorandum of law in response to the petition. (Docket No. 7, "Scheduling Order").

After entry of the Scheduling Order, petitioner submitted a response indicating that she had received a "motion," presumably the Court's Scheduling Order, vacating the stay-and-abeyance, and noting that she had in fact filed a § 440.10 motion--which the Court had noted she had done when she first sought a stay of the petition-and

that she had yet to hear from the state court on her motion.
(Docket No. 8).  She attached to said response a letter she had
submitted to Supreme Court, Erie County asking about the status of
her § 440.10 motion, which she now claimed she had filed on July 6,
2012, which the Erie County District Attorney's Office had responded
to on September 7, 2012.  This was the first time the Court had been
made aware of a § 440.10 motion filed in July 2012.  Respondent's
answer to the petition, filed a couple of weeks after petitioner's
most recent response, noted also that a § 440.10 motion was filed
on or about July 12, 2012; there was no mention, however, of a §
440.10 motion being filed in November 2010.

Due to the uncertainty and apparent confusion regarding whether
there was one or two § 440.10 motions filed and whether petitioner
had exhausted the ineffective assistance of counsel claim, the
Court, as noted above, asked petitioner to advise the Court in
writing of the status of the November 2010 § 440.10 motion--if there
ever was one--and the status of the July 2012 § 440.10 motion.
(Docket No. 11, Decision and Order ("Status Order").  Petitioner
responded by advising the Court that she had inquired into the
status of her § 440.10 motion filed in July 2012 and received from
respondent's attorney a copy of respondent's answer to the instant
petition, which had indicated that the motion was still pending.
Respondent replied that petitioner had filed a § 440.10 motion,
dated July 10, 2012,  which the District Attorney's Office had
responded to on September 7, 2012, and which was still pending as

3

of July 8, 2013.  Respondent's attorney also noted that he had searched both the database and hard file maintained in the District Attorney's Office and could find nothing to indicate that petitioner had filed a § 440.10 motion in or around November 2010.

Petitioner's July 2012, § 440.10 motion and the District Attorney's response to said motion are attached as Exhibit D to respondent's answer herein.  (Docket No. 9).  The § 440.10 motion and affidavit raised the ineffective assistance of counsel claim, which was raised in the petition (Docket No. 1) and noted in petitioner's response to the Court's initial order herein related to the fact that petitioner had filed a "mixed" petition (Docket No. 4)--viz., that petitioner's counsel had failed to inform her that she could pursue youthful offender status, which led to the Appellate Division, Fourth Department's refusal to consider such argument on direct appeal because it had not been raised in the trial court.  (Docket No. 9, Exh. D).

The § 440.10 motion and affidavit, dated November 12, 2010, and submitted back in 2010 in response to the Court's Order regarding the filing of a mixed petition and in which petitioner sought a stay-and-abeyance (Docket No. 4), are identical in all respects to the ones filed in July 2012, except for the dates of the motion and affidavit.  Whether that motion was actually filed by petitioner in November 2010 appears to be an open question but, as noted, respondent's attorney searched the files and could not locate it.

4

Inasmuch as a copy of the motion cannot be located by the District Attorney's Office and petitioner filed the identical motion in July 2012, the Court will presume it was not filed.

The question thus remains whether the Court prematurely vacated the stay-and-abeyance when petitioner failed to reply in a timely basis to the Court's Order regarding the status of the November 2010 § 440.10 motion (and the stay-and-abeyance entered herein )(Docket No. 6), which now appears to be the July 2012 § 440.10 motion. Because petitioner did reply to that Order, albeit untimely (Docket No. 8), and because she did file a § 440.10 motion in order to exhaust her state judicial remedies with respect to the ineffective assistance of counsel claim raised initially in the petition, the Court finds that the stay-and-abeyance was prematurely vacated and should be reinstated.  The Court, by granting a stay-and abeyance initially, had found good cause and that the ineffective assistance claim was potentially meritorious, see Rhines v. Weber,  544 U.S. 269, 277-78 (2005).  The Court also found and finds again that petitioner has not engaged in any intentional dilatory litigation tactics, id. and had filed a § 440.10 motion in July 2012, which, based on the last status report from the parties, is still pending. Accordingly,

IT IS HEREBY ORDERED that to the extent petitioner's ineffective assistance of counsel claim raised in her petition is unexhausted, the claim remains dismissed without prejudice subject

to the condition that petitioner return to this Court within 30 days of the completion of her efforts to exhaust said claim--*i.e.*, the final adjudication of her § 440.10 motion in the state courts;

FURTHER, that upon the completion of the § 440.10 state court proceedings, petitioner shall file a motion with this Court within 30 days seeking to vacate the stay and reinstate the ineffective assistance of counsel claim;

FURTHER, that if petitioner does not return to this Court within 30 days of the final adjudication of her § 440.10 motion, this stay may later be vacated *nunc pro tunc* as of the date the initial stay was entered; and

FURTHER, that respondent is directed to notify the Court within 30 days of receipt of this Order of the status of the July 2012 § 440.10 motion filed by petitioner;

FURTHER, that this petition is stayed *nunc pro tunc* as of the date of the original Decision and Order staying this petition (October 21, 2011) pending completion of petitioner's efforts to exhaust of the ineffective assistance of counsel claim--*i.e.*, final adjudication of the July 2012 § 440.10 motion.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:     February 25, 2014
           Rochester, New York